UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
TROPICAL CHEESE INDUSTRIES, INC.,  )
a New Jersey Corporation,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 15-410 S
                                   )
ALEJANDRO CASTILLO and AAA         )
WHOLESALERS DISTRIBUTION, a        )
Rhode Island limited liability     )
company, jointly and severally,    )
                                   )
          Defendants.              )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff, Tropical Cheese Industries, Inc. ("Plaintiff"), filed this action on September 29, 2015 to enforce the terms of a non-competition agreement it had with a former salesman, Alejandro Castillo. (See Compl., ECF No. 1.) After numerous attempts to serve Castillo at both his residence and place of employment, Plaintiff sought and received leave to effectuate alternative service on him. (See Pl.'s Mot. for Alt. Service, ECF No. 6; 11/16/2015 Text Order granting Mot. for Alt. Service.) Plaintiff effectuated this alternative service on November 16, 2015 by leaving a copy of the Complaint and Summons at Castillo's home and place of employment, as well as mailing copies of the same to both

addresses. (See Summons Return, ECF Nos. 8 and 9.) When Castillo failed to file an Answer or in any other way respond to the Complaint, Plaintiff notified Castillo on December 15, 2016 of its intent to file a Motion for Entry of Default. (LR Cv 55 Attorney Certification, ECF No. 10-2.) Receiving no response from Castillo, Plaintiff filed its Motion for Entry of Default on January 14, 2016 (ECF No. 10), which the Clerk entered on February 10, 2016 (ECF No. 12).

Now before the Court is Plaintiff's Motion for Default Judgment ("Motion") in which Plaintiff seeks an order enforcing the terms of Castillo's non-compete agreement and attorneys' fees. (ECF No. 15.)[1] Despite again receiving advanced notice of Plaintiff's intention to file the Motion, Castillo has neither responded nor objected. (See LR Cv 55 Attorney Certification, ECF No. 15-3.)

I.   Default Judgment

"On a motion for entry of default judgment, the facts alleged in the complaint are taken as true." Queally v. Estate of Hoviss, C.A. No. 10-002-S, 2011 WL 6026593, at *1 (D.R.I. Dec. 2, 2011) (citing Ortiz-Gonzalez v. Fonovisa, 277

---

[1] Though Plaintiff's Motion does not specify the basis under which it seeks attorneys' fees, in Count II, Plaintiff asserts claims under the New Jersey Trade Secret Act, which has a fee shifting provision. See N.J. Stat. Ann. § 56:15-6.

2

F.3d 59, 62-63 (1st Cir. 2002)). Here, Plaintiff has sufficiently alleged that it has a valid non-competition agreement with Castillo and that Castillo violated the agreement, along with the New Jersey Trade Secret Act, when he began working for Plaintiff's competitor. (See Compl., ECF No. 1.) Consequently, default judgment is entered in Plaintiff's favor and against Castillo. Castillo shall abide by the terms of his non-compete agreement, to the extent they are reasonable under New Jersey Law, including the agreement's "Non-Competition, Non-Solicitation" provision, and the agreement's "Non-Disclosure, Non-Use" provision. (See Ex. A to Compl., ECF No. 1-1.)

II. Attorneys' Fees and Costs

Plaintiff also seeks attorneys' fees. District courts in the First Circuit typically use the lodestar method to determine what fees to award prevailing parties. See Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997). Under this approach, courts ascertain "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). But, this is only the starting point in constructing a fee award; the method "is a tool, not a straitjacket." Id. And "where multiple claims are interrelated and a plaintiff has achieved only limited

success, awarding [it] the entire lodestar amount would ordinarily be excessive." Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1191 (1st Cir. 1996).

Here, the hourly rates and overall number of hours attributed to various tasks outlined in Plaintiff's fee petition are reasonable. Plaintiff's petition, however, falters in how it apportions its fees and costs between the two defendants in this case. As Plaintiff acknowledges, it only seeks those fees and costs incurred prosecuting claims against Castillo (see Ex. A to Mot. for Default J. ¶ 10, ECF No. 15-1; Ex. B to Mot. for Default J. ¶ 6, ECF No. 15-2); it continues to litigate its claims against Castillo's alleged employer, AAA Wholesalers Distribution. Thus, a reduced fee award is appropriate because "the relief . . . is limited in comparison to the scope of the litigation as a whole." Alfonso v. Aufiero, 66 F. Supp. 2d 183, 200 (D. Mass. 1999) (quoting Hensley, 461 U.S. at 440).

Plaintiff's fee petition, however, does not adequately account for AAA's portion of Plaintiff's fees and costs. One of Plaintiff's law firms, Norris, McLaughlin & Marcus ("NMM"), makes little attempt to distinguish between tasks attributable to Castillo and AAA.[2] For instance NMM seeks to

---

[2] Although NMM avers that "time incurred regarding AAA has been excluded from the foregoing total" (Ex. B to Mot.

4

recover the full amount of fees incurred for tasks common to both defendants, such as researching and drafting the Complaint, even though these tasks apply to both defendants. And, in a few instances, NMM seeks to recover fees for tasks specifically attributable to AAA such as "Online research re: AAA." Plaintiff's other counsel, Pierce Atwood's ("PA") fee petition is more reasonable. It does not seek fees for some of the tasks relating only to AAA. For example, it does not seek fees for things like conferring with AAA's counsel, and drafting documents that pertain only to AAA. But, like NMM, PA does not discount its general bills to account for tasks, such as drafting and filing the Complaint, that apply equally to Castillo and AAA. Consequently, the Court reduces Plaintiff's fees and costs as follows:

- Because NMM has not, at least as the Court can tell from Plaintiff's submissions, reduced its fees to account for AAA, the Court will reduce its request by 30%. Thus, NMM's $14,367.10 in fees and costs is reduced by $4,310.13 to $10,056.97;

- PA has attempted to weed out at least some of its fees attributable to AAA; thus, the Court will reduce its request by 15%. PA's $10,011.11 in fees and costs is reduced by $1,501.67 to $8,509.44.

---

for Default J. ¶ 6, ECF No. 15-2), it is unclear to the Court from the invoices submitted what, if any, time was actually omitted.

5

III. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment.  Defendant Castillo is required to abide by the reasonable terms of his non-competition agreement, which is attached to Plaintiff's Complaint as Exhibit A (ECF No. 1-1).  Further, Plaintiff shall be entitled to attorneys' fees and cost, as outlined above, which total $18,566.41.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  June 17, 2016